UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

AMY HUCKER,

                              Plaintiff,

v.                                              Civil Action No. _____

AMSHER COLLECTION SERVICES, INC.,

                              Defendant.

---

## COMPLAINT AND DEMAND FOR JURY TRIAL

### I. INTRODUCTION

1. This is an action for actual and statutory damages brought in response to Defendant's violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* (hereinafter "FDCPA") which prohibits debt collectors from engaging in abusive, deceptive, and unfair practices.

### II. JURISDICTION AND VENUE

2. Jurisdiction of this court arises under 15 U.S.C. §1692k(d), 28 U.S.C. § 1331, and 28 U.S.C. § 1337.

3. Venue is proper in this district under 28 U.S.C. §1391(b) in that the Defendant transacts business here and the conduct complained of occurred here.

### III. PARTIES

4. Plaintiff, Amy Hucker, is a natural person residing in the County of Genesee and State of New York and is a "consumer" as that term is defined by 15 U.S.C. §1692a(3).

5. Defendant, Amsher Collection Services, Inc., (hereinafter "Amsher") is a foreign business corporation organized and existing under the laws of the State of Alabama and is a "debt collector" as that term is defined by 15 U.S.C. §1692a(6).

6. Defendant regularly attempts to collect debts alleged to be due another.

7. The acts of the Defendant alleged hereinafter were performed by its employees acting within the scope of their actual or apparent authority.

8. All references to "Defendant" herein shall mean the Defendant or an employee of the Defendant.

## IV. FACTUAL ALLEGATIONS

9. That Plaintiff incurred a credit card debt to HSBC. This debt will be referred to as "the subject debt."

10. That the subject debt arose out of a transaction in which money, services or property, which was the subject of the transaction, was primarily for personal, family and/or household purposes. As such, said debt is a "debt" as that term is defined by 15 U.S.C. §1692a(5).

11. That Plaintiff thereafter defaulted on the subject debt.

12. That upon information and belief Defendant was employed by Mainstreet Acquisition Corp., the current creditor, to collect on the subject debt.

13. That in or about May 2010, Defendant began calling Plaintiff multiple times per week, in an attempt to collect on the subject debt.

14. That in or about June 2010, Plaintiff contacted Defendant in an attempt to return the calls she had been receiving. In the subject conversation Plaintiff spoke with Defendant representative "Jessica", who did not identify that she worked for Defendant Amsher. Plaintiff offered Defendant a settlement on the subject debt to which Defendant refused, and Plaintiff was transferred to a manager. Defendant manager became very aggressive towards Plaintiff in an attempt to collect the subject debt. Plaintiff informed Defendant that the earlier conversation with "Jessica" was not compliant with federal law. Defendant became very rude stating to Plaintiff "were calling from Oklahoma so it doesn't matter." Thereafter the conversation was terminated. At no point in the conversation did Defendant give Plaintiff the legally required mini-Miranda warning that Defendant was a debt collector attempting to collect a debt.

15. That Plaintiff continued to receive calls and messages from Defendant. In the subject messages Defendant failed to identify themselves properly and failed to give Plaintiff the legally required mini-Miranda warning that the call was from a debt collector attempting to collect a debt.

16. That in or about July 2010, Defendant contacted Plaintiff. In the subject conversation Plaintiff attempted to negotiate a settlement or a payment plan. Defendant refused and stated to Plaintiff, "Just because you make a payment, that isn't going to stop legal action, HSBC can sue you." Thereafter the conversation was terminated. Plaintiff understood Defendant's aforementioned statements, and the "least sophisticated consumer", as that term is defined by law, would have understood said statements to imply that Defendant would commence legal/adverse actions against Plaintiff or her property unless she submitted to Defendant's demands, including calling back before the deadlines arbitrarily

set by Defendant. Despite Defendant's statements, they had not been authorized to pursue legal action against Plaintiff, and did not intend to do so.

17. That as a result of Defendant's acts Plaintiff became nervous, upset, anxious, and suffered from emotional distress.

## V. CAUSE OF ACTION

18. Plaintiff repeats, re-alleges and incorporates by reference the allegations contained in paragraphs 1 through 17 above.

19. The conduct of Defendant as described in this complaint violated the Fair Debt Collection Practices Act (15 U.S.C. §1692 et seq.) as follows:

    A. Defendant violated 15 U.S.C. §1692d(6) and 15 U.S.C. §1692e(11) by failing to identify themselves and give Plaintiff the legally required mini-Miranda warning, as described above in paragraph 14 and 15.

    B. Defendant violated 15 U.S.C. §1692e, 15 U.S.C. §1692e(10) and 15 U.S.C. §1692d by stating to Plaintiff that because Defendant was calling from Oklahoma, their non-compliance with federal law did not matter. Defendant's statement was a false, deceptive, and misleading representation in an attempt to collect eh subject debt. The natural consequence of said statement was to harass, oppress, and abuse the Plaintiff.

    C. Defendant violated 15 U.S.C. §1692e, 15 U.S.C. §1692e(4), 15 U.S.C. §1692e(5), 15 U.S.C. §1692e(10), and 15 U.S.C. §1692d by stating to Plaintiff "Just because you make a payment, that isn't going to stop legal action, HSBC can sue you." Plaintiff understood Defendant's aforementioned statements, and the "least sophisticated consumer", as that term is defined by law, would have understood said statements to imply that Defendant would commence legal/adverse actions against Plaintiff or her property unless she submitted to Defendant's demands, including calling back before the deadlines arbitrarily set by Defendant. That despite Defendant's statements, they had not been authorized to pursue legal action against Plaintiff, and did not intend to do so, making Defendant's statements a false, deceptive, and misleading representation in an attempt to collect the subject debt. The natural consequence of said action was to harass, oppress, and abuse the Plaintiff.

20. That as a result of the Defendant's FDCPA violations as alleged herein, Plaintiff became nervous, upset, anxious and suffered from emotional distress.

3

**WHEREFORE**, Plaintiff respectfully requests that judgment be entered against the Defendant for:

(a) Actual damages;

(b) Statutory damages for pursuant to 15 U.S.C. § 1692k.

(c) Costs, disbursements and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k.

(d) For such other and further relief as may be just and proper.

## VI. JURY DEMAND

Please take notice that Plaintiff demands trial by jury in this action.

Dated: May 2, 2011

/s/ Seth J. Andrews
Kenneth R. Hiller, Esq.
Seth J. Andrews Esq.
Law Offices of Kenneth Hiller, PLLC
*Attorneys for the Plaintiff*
6000 North Bailey Ave., Suite 1A
Amherst, NY 14226
(716) 564-3288
Email: khiller@kennethhiller.com
sandrews@kennethhiller.com